NOT DESIGNATED FOR PUBLICATION

No. 115,458

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT J. SMITH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 4, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.


*Per Curiam*:  Robert J. Smith appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Smith's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On May 27, 2015, Smith pled guilty to two counts of forgery, a severity level 8 nonperson felony. On August 21, 2015, the district court imposed a controlling sentence of 13 months' imprisonment but granted probation with court services for 18 months.

On November 13, 2015, the district court held a probation revocation hearing. At the hearing, Smith stipulated to violating his probation by committing a theft. The district court found that Smith had committed a new crime, revoked his probation, and ordered him to serve a modified sentence of 7 months' imprisonment. Smith timely appealed.

On appeal, Smith argues the district court abused its discretion by revoking his probation. Once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Smith bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2015 Supp. 22-3716(c)(1) requires a court to impose an intermediate sanction when an offender violates probation before ordering the offender to serve his or her sentence unless certain exceptions apply. One exception is found at K.S.A. 2015 Supp. 22-3716(c)(8), which allows a court to revoke probation without imposing an intermediate sanction if the offender commits a new offense while on probation.

Here, based on Smith's stipulation, the district court found that Smith committed a new offense while on probation. Such a violation allows the district court to revoke probation without the imposition of an intermediate sanction. The district court's decision to revoke Smith's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Mosher*, 299 Kan. at 3. Thus, we conclude the district court did not abuse its discretion in revoking Smith's probation and ordering him to serve a modified prison sentence.

Affirmed.